Mr. Arrado, to both attorneys, we thank you for all the efforts to get here today in the same climatic weather. Thank you. May it please the court that I bring you your honor's testimony. This case is going to be limited in question in whether the trial court properly dismissed the defendant's charges against the defendant. The review of this is of the standard of noble review. This case initially arose after the defendant was involved in a single vehicle motorcycle accident in 2015. The defendant was treated as seen by emergency medical personnel and transported to the hospital. The investigation officer, Mr. Bishop, spoke to the defendant and seemed to have only asked him a couple of questions about where he was coming from and whether he was presumed ill. He then went to the hospital and conducted an HGM test, which from that and from other clues that he testified to, determined that he had committed the offensive DUI and was a place defendant under arrest. The defendant filed a motion to suppress and prompt arrest, which the trial court granted. At the time that the trial court granted the motion to suppress, the prosecutor specifically asked was this ruling to suppress evidence collected after the arrest and the trial court said that's correct. The trial prosecutor then asked if this was evidence collected by the officer and the trial court said correct. This man went on to appeal to this court and this court affirmed. I guess what the trial court was bothered by, there was a certificate of substantial impairment. What does that mean, substantial impairment? Substantial impairment means that the evidence that was suppressed is, impairs or is a, somehow it is, not prevents, because obviously it happens all the time. But it impairs, wait a moment, it sort of, it's absolutely a requirement in Young and Supreme Court rule that the state has to file a certificate of impairment if it wants to appeal from a motion to suppress. So what does it mean by the, to impair? It means that the state is somehow, the case is not as strong without the evidence that is presented or. But this certificate didn't say that we are impaired or it's going to be very difficult, it says we are unable to proceed. This is, that type of language is kind of in most standard certificates of impairment. I mean it is essentially boilerplate. Boilerplate, I mean that's the only way you get up here, isn't it? Correct. You must absolutely file a certificate of impairment. And so, and it says you're unable to what? The way it was, this was written, it was unable to proceed to file, the other parts of it also said that the body of it, I have a copy, said something along the lines of, that is, that within the body of it is substantially impaired from presenting, pursuing the case. So it was a statement unable to proceed, right? Correct. That wasn't true, I guess, under the state's position. Now, that statement wasn't true then? It was. Or is that a false statement? It was unable to proceed, well, it was unable to proceed in the sense that this evidence would have supported the state's case. However, also later in the certificate, it says that the matter was supposed to be held, should be held in abeyance pending the outcome of the appeal, which suggests that the state was interested in pursuing the matter after the ruling by the court. And in other cases... Well, the abeyance meant that there should be a hold on doing anything until after a ruling, right? Because if you were impaired and you weren't able to proceed, you couldn't proceed to trial, so it had to be held, right? This is, well, yes, you can't proceed to trial, but it depends on your appeal. And that's the rule that prevents that in cases like this. So our assertion is that this was simply a standard certificate that's filed in every case. So it doesn't mean anything? It only means that people are substantially impaired from pursuing the case based upon the suppression of the evidence. So I mean, why should we be allowing any of these if it doesn't impede? Should we just let them go to trial? Because the Supreme Court requires that that certificate be filed before they can even pursue it. But that's what I was getting to. The Supreme Court requires that. Why? It's in those cases where the state couldn't proceed, right? And so this is one of the rare cases where the state can appeal, correct? It's one of the rare situations where, you know, if there's a not guilty finding, you don't get to appeal that, do you? Correct. Motion to suppress dismissals of anything that has the effect of suppressing evidence. However, there are other instances in which people file a certificate of impairment and then proceed to trial. They may as well even affirm it. I mean, if a defendant has a motion to suppress a statement or suppression to somehow suppress some evidence, if there's other evidence, and that's what the rule case is like to discuss it, even if a motion to suppress is granted, if there's other evidence in which the state can proceed, then that is not a basis for dismissal. That's to be charged for a case. So the Supreme Court, in those early cases of Sen. Young and those other cases, we are relying upon the state's determination whether this evidence is necessary to proceed to trial. And even if they are found to proceed, or I'm sorry, to affirm, as the rule case in the early cases cited, we can still, as long as there's other evidence, we can say that is what the law of the state chooses to be for trial rather than a motion to suppress at the trial. So what does that mean as to the veracity of the first statement? The unable to proceed. It goes, again, it is as if the matter was any other. These are the standard certificates that are apparently filed. Right, I know they're standard certificates. I mean, if this Court were to find that that statement alone is sufficient to dismiss a case, then any appeal in which the state files that type of language, I guess you're going to have to dismiss the case. If it affirms the, and I don't think that that's what the... Well, is there any law to that? Is there any law stating that? I'm sorry? Is there any law saying that you have to dismiss the case? No. If you lose the appeal. No, absolutely not. There's due process concerns raised when you have something like a motion to suppress drugs that are found in a vehicle when the only defendant is charged with possession of drugs. Obviously, there's no further evidence that could be presented on that issue, and therefore due process requires that the case be... So whether or not, after that statement is made and there's an appeal and if the state loses, there's only some narrow areas where the state's really prevented from going forward for a new trial with anything or everything that might be left that wasn't suppressed, as long as there's not a due process violation. Correct. I mean, essentially, as long as, and as we said in that brief, as long as, it doesn't even have to be evidence that goes to each and every element of the offense, other than, again, I think that's bold. In that case, distinguished Supreme Court, in which they found that when you have only the evidence available that goes directly to the charge, that's the proper basis for dismissing the case. But if there's other evidence available that wasn't suppressed, then the state can... In that case, is the people... That's the one that everybody sides with. So the question is whether that is bad faith on behalf of the state in filing a motion to suppress... There's this bad faith that you've been preceded with seeking a trial, and there's no bad faith in this matter. It's exactly as the standard procedure that is filed, that goes through an appeal, and if there's evidence remaining, it can be dismissed. Well, how do we get to a bad faith argument? Does that tie into due process? I would have to suggest that the Supreme Court hasn't been very clear on the cases of Young and other... The cases that cite the Young simply say that we rely upon the good faith of the... In evaluating what the value of this evidence is to the state's case. If it impairs it, if it makes it more difficult to prosecute... Not impossible to prosecute, but more difficult to prosecute, then the state is going to file a stricter impediment to seek... I mean, you know, generally the case law is that once the state says they are impaired and can't go forward... To be able to appeal, you don't go behind that, do you? No, we do not. I mean, that's the whole purpose of that whole line of cases. You don't have a hearing within a hearing on whether or not that's... To be able to appeal to hear whether or not that's a complete statement, right? You don't go to the degree of impairment and all that. Correct. Which is your argument. Yeah, I mean that is... There's no cases that have cited that impediment or that we found that says that a bad certificate of impairment can be the basis for dismissing a case against a defendant. And the Supreme Court has pretty much said as long as you file a certificate, that gets the state into the door of... So when the... So there was an attempt by the state to clarify the previous suppression. Yes. That had already gone to appeal, right? Yes, because what happens after it was sent back after the first... The state filed a motion that eliminates the medical records in... Judge granted the motion to strike. They didn't even consider the merits of whether they could bring in these medical records. The state said, well, what is it on this motion to clarify what it's hoping was on the motion to suppress? Because it wasn't clear what evidence they could prevent it from being able to present at a trial. And at that point, the judge again declined to clarify its earlier ruling. Well, the earlier ruling says on its face that it was... Goes to the evidence collected by officer... Right. For lack of probable cause for DUI arrest. So that's... So if you lack probable cause for arrest and the remaining evidence gathered was suppressed, what is it that is left? What is left is the security guard who witnessed the crash itself. The defendant was traveling at a high rate of speed and... Well, again, this is what is based upon officer Bishop's testimony that he talked to the security guard. So I'm basing it on the information that was available. But the security guard did not testify to the motion to suppress hearing because... Of determining whether officer Bishop had probable cause. And so you only look at what his knowledge of the situation. So at trial, the security guard would come to testify as to what he saw. The emergency technicians who treated the defendant on the scene could testify as to whether the defendant was impaired or what have you. This is all pre-arrest information. And then the medical records were... For the purpose of establishing probable cause, you don't think that they should have testified at the suppression hearing and also on the hearing on the motion to quash, which I know you say is a fallacy. It depends on the scope of the motion to suppress. And the scope of the motion to suppress, as I understand it, and I could be mistaken, was only to suppress information gathered by the officer. Am I right? Well, I can look at the motion. I mean, it is a motion to suppress and quash arrest, is what's the title. And they're asking to quash the arrest. As we've cited Winchester from the Fourth District in all cases that they have, their history of citing motions to quash the arrest, including a meaningless standard in that that's not a remedy available under the motion to suppress statute. It's not a motion available, a remedy available under the law. It's simply a matter of getting most evidence suppressed. That's the purpose of the motion. And they counseled that attorneys should stop even stop entitling motions to quash as motions to quash the arrest. And we believe that that is the appropriate standard that should be applied here. And so that this was not a probable cause hearing in the sense that we're determining whether there was basis for proceeding trial. This was a probable cause for the individual rest of the time. In fact, why it was only officer Bishop's knowledge at the time. That's why we didn't need the AMT because Bishop testified he didn't talk then or he didn't testify he did talk. And Bishop testified he didn't talk to the security guard, but the security guard would only affirm what Bishop's knowledge was. So that's why when we're talking about what evidence was presented for motions to suppress, it was Bishop's, it was his knowledge that was concerned. Let me get this straight in my head. So there was, so you went out to appeal and there was a determination made that there wasn't probable cause to make the arrest. So what arrest are you using to try this defendant? Has there been a new arrest? So there was a motion to quash the arrest because there wasn't probable cause. Well, the ruling, I think, just suppressed evidence and didn't address quashing the arrest. I could be mistaken. Well, it granted the motion to suppress and then the state asked, is this meaning that it's for the purposes of what? Why did it quash the, I mean, it quashed the arrest and suppressed the evidence? Quashing the arrest is a misnomer. Well, let me ask it a different way. They said, didn't the court say that there wasn't probable cause to arrest because the evidence should have been suppressed? Right, there's no probable cause in the evidence. So there was no probable cause to arrest this defendant. Right, and therefore the evidence is suppressed. It does not terminate the case. Well, how do you get a hold of the defendant if there's not probable cause to hold the defendant? But there's no cases that say that a motion to quash an arrest if granted terminates the case. I mean, it is, there's only what is under the statute, 114.1 of the criminal procedure, and generally due process that seriously affects the defendant, prejudice to the defendant, that are the basis for dismissing the charge. And when there's other evidence available after a motion to suppress is granted, the state is allowed to proceed to trial. And where was he arrested again? The defendant? No. Thank you, Mr. Adams. Thank you. Mr. Dubé? Did I get it correct? You did it. Yay. Thank you. I'm going to start out just with a question. Absolutely. Before you ask your question, I know your motion to suppress was before the highlights. It requests quashing the arrest, but it requests suppression of evidence and quash of arrest. But the order signed by the judge on December 22nd, 2015, just grants the motion to suppress and doesn't address quashing the arrest. She does talk about it later in there about if you look at the- Well, I have the signed order in front of me. Correct. The actual- Normally when the record conflicts with a written order, written order controls. So is this just a- Is that the handwritten one? Yeah. Is there a written one either? The prosecutor wrote that. He just wanted to throw it in before he put that on. Okay. So were you there? Did you include the form in the order? I was there for the entire- Is there another order that quashes the arrest? She talked about in her later on when she's discussing the case and we're asking about what this was. She even goes through- and it's in my brief here- where she talks about this arrest was quashed. And it's really- When did that discussion come up? That was a year later when it came back. Because she made other rulings that she had already ruled on some medical evidence, which she had not. So there's a couple of mistakes in the record. They had tried to bring in evidence after the fact, and she had ruled on those. I don't see a ruling in the record. I do see the discussion. They wanted to have a motion eliminating address regarding medical evidence. You moved to strike it. And she articulated that she had already ruled on that medical evidence, but I don't believe she did. Prior to filing the first appeal that came forward, they didn't ask after she had ruled. They tried to reopen proofs. She denied that. So that's why that was addressed in the first appeal. They tried to reopen proofs. She denied it. And the original motion, if you look at it- That's before the first appeal. Correct. That's why we put it. Those records were addressed because they didn't present them in their case and sheet. Why would they have to? When I filed my motion, it was for- The only ground for this was for lack of probable cause to make the arrest. Right. That was the entire reason for this. And so what you get into there is this isn't something where it's just Officer Bishop's reasoning for arresting him. This gets into the entire part of the case, like you were discussing here, Honor. Well, maybe your motion was a little skeletal then, because if you wanted to get into the medical evidence, why didn't you list it in the motion to suppress? I didn't- Because there were other- This is an accident where I presume- Correct. Accident reconstruction would be possible. There may have been other civilian witnesses. I know there were passengers in the car that could have been caused- No, not in this room. This was a single motorcycle accident. At Jensen- Were there civilians that rendered aid then at the scene? He had an accident. There was somebody that called. The EMT showed up, and Officer Bishop didn't do an investigation really. That's part of the whole reason why he was found not to be credible. He didn't do a very proper investigation. He didn't talk to the security guard. He didn't find out stuff. You know, everything looks pretty fast and loose here. Maybe the officer did something quickly. It looks like your motion to suppress didn't cover all the bases. The judge's order certainly didn't cover all the bases. If she quashed the arrest, it's not in the written order. Well, my motion to suppress- I don't have to get into their evidence. I don't know what it is. I took only that probable cause based upon the police report I had. And so I filed a motion to suppress based upon the motion to quash, based upon that probable cause. I brought my motion. I prosecuted my motion. They had the opportunity to bring anybody in that they wanted to- Officer Bishop, EMTs, the person that he had talked to, the security guard. Wasn't he already under arrest when he ended up in the hospital? Well, that was part of the question whether he was or not. And we got into all that. All that was discussed. This hearing went on for three days. And then the officer testified two different occasions of this. They had ample opportunity to bring in whoever they wanted to show that they had probable cause to make this arrest. They didn't do it. Once they lost, then they decided, oh, well, since we lost, we should bring other evidence in now. The judge says, no, you're not going to be able to bring stuff in. You had an opportunity to do it. You elected not to. Because I went first. I called Officer Bishop first. That's my- But that hearing, that long hearing, wasn't the trial? We haven't had a trial. No. So it wasn't the trial. No. And understand, the way that the motion goes, I bring in- I called Officer Bishop, Bischoff, in. Once I was done, then they put him back on the stand. They had a full opportunity then to say, well, I know it's coming now. I should get the other people involved. He didn't. Then they tried to make up for it later. Was it they have to at that hearing, though, bring other people in? Absolutely. This is to show they have probable cause. This would bring in everything that Officer Bishop would have taken into account or that the state wanted to present to show, no, there is probable cause here. They didn't do that. Officer Bishop talked to the security guard. He could have brought him in to answer those questions I had first asked Officer Bishop in my portion of the hearing. So they could have done all the same after the fact during the hearing. Because once I arrested, then they got to present their evidence and present their part of the case. So they didn't do any of this stuff. It's only after they lost that they wanted to reopen proofs. And that's when we got to the point. So once the case was done, then they filed a motion for the certificate of impairment. It goes up, and it's affirmed. It comes back. This case lacks probable cause. There is no more case. That's been the whole issue here. But the only thing raised in that hearing was probable cause that the officer stated, right? Whatever evidence they presented, which was Officer Bishop's testimony, the defendant never testified to this. Officer Bishop testified. There's a video of the entire time Officer Bishop got there. There wasn't testimony from these other people. No, they didn't put them on. I didn't call them. I'm not trying to present there's probable cause. I'm trying to show there's not. So it's the state's burden to bring in these other witnesses if they want to. So the witness they brought in was the officer. That's it. I called him first. He was my witness too. But then they have the opportunity, as you well know, to call in witnesses and rebuttal from that. They didn't do it. So the case goes up, it's affirmed. It comes back. And the whole issue is there's no probable cause left. Under the Fourth Amendment, you have to have probable cause to arrest somebody. Once there's been a determination there's no probable cause, there is no case. It's fundamentally a due process violation. You cannot bring somebody in on a charge once it's been determined there's no probable cause. They're trying to say, oh, we've got other evidence. That's the problem with his certificate of compliance or impairment because it's a ruse. It's a false certificate. He knew that the judge already said, you're not bringing this other stuff in. He knew he had done these things at the hearing, that he could have done. Where on the record does the judge say that? About the denial? I'm talking, yeah, before the first appeal. Yeah, before the first appeal. They brought in the fact that they wanted a real proof. She denied that. That's in the first record, that she denied the real proof. And specifically they said the real proofs. Bringing in the EMT and medical personnel. Did the officer talk to them at this meeting? He didn't. So they could have easily brought them in, and he didn't. He could have visited the hospital. He talked to people there, but he didn't do it. And it's just a lack of proper investigation. And was that part of the first appeal? It was, Your Honor. Denial of the motion to reopen proofs? Yes. It was in there. I don't know if they appealed that part of it, because it was brought up. But she had denied it, and that was before the case was appealed. But that wasn't part of the ruling, though, was it? You had mentioned it in the ruling about, because there's a part in there, and I don't have that in the initial ruling. I'm talking about in the appeal, the appellate court opinion. When you affirmed? Right. I know it was mentioned in there about the medical record, because that was part of the process. They had mentioned that there was an attempt to reopen proofs that was denied. So it was part of it. If it was denied, she didn't rule on it. She didn't rule on medical evidence. She just didn't let them open it up. She denied it because they didn't do it. They didn't do it when they had the opportunity to do it. She's not going to let them have a second opportunity to reopen proofs when the case is done. And so that was part of the statement of facts that I put in there. In other words, was that part of the first appeal? Was part of the first appeal, something that was encompassed in the first appeal, the denial of the motion to reopen proofs? I don't know if that was specific to your Honor. I didn't read that part. I know it was listed like a stated statement part. I don't know if that was one of their headings, as far as that she heard in not reopening proofs. I had to go back and look at that. I was more focused on what the part they were talking about here. I know it was in the information part when we were talking about the facts. Would that be important for this appeal? Not really, no, because other than the fact that it was already brought up, they're even showing you that they didn't do something that they could have done and the court's denied it. So when they file a certificate of impairment and try and say that, oh, well, we can do other things, then they should have done that as an original parties. Is that more of the case? Are you treating the certificate of impairment as a judicial admission? No. I'm treating it as one of our cause because it's a process violation that the judge could have dismissed this case. I said there's three issues in this case, not one. And one of them is the dismissal under 114-1. And the grounds for the judge's dismissal was? On this? Mm-hmm. That there's no case law. This case is that there's no probable cause. Is that one of the enumerated statutory grounds that a judge can dismiss? That she can because of this case, there's no probable cause in this case. Every time they were asked, they kept bringing this up. I wouldn't accept your argument if the judge quashed the arrest. I don't see where the judge quashed the arrest. I do see where the judge suppressed evidence gathered by the officer. And evidence gathered by the officer was everything he would have testified to during the suppression. I'm trying to find the part of her that she talks about. Well, I'm going to go by the written order because normally, you know, people care more about making sure the written order complies with the judge's ruling more than just the written order. I'm just trying to clarify that we are referring to the same thing. The grant of the motion to suppress evidence collected by Officer Bischoff for lack of probable cause for DUI arrest. I just don't see where the arrest is quashed. I do see where the motion to suppress is granted. But we can have this on that later because obviously we're using the same order. Sure. Was there a determination that you're arguing about that you couldn't bring in other evidence when there was a motion to open up the proofs and bring on this other evidence? And that was denied. It was denied. And then the matter went to appeal. They don't appeal it. Okay. So it went on appeal. That's where the certificate of impairment is made. And the matter of the denial of putting on other evidence, has that become the law of the case in this matter or not? If they didn't appeal the issue, then it's done. They can't appeal it now and say that, well, we didn't appeal it first. Now we're going to come back and put on the evidence. The court's already denied that. If they wanted to appeal that issue as well, if they didn't put it in their first appeal, then that issue can't be appealed now. They can't come back and have a second bite, which is what the Taylor rule talks about. Because they're trying to come back, present evidence in a case that's already done. It says either under Taylor and Williams, you did put it on or you could have put it on. And that's what it gets back to because otherwise we're back here doing this again. Because every time they move, they'll go, wait a minute, we put it on this other thing here and we're going to bring in this evidence now. And that's what the Taylor rule talks about. It has to be an endgame. Otherwise litigation never ceases. She had reason under, like in my first argument, under Section 114, 3-4, because this becomes a form of prosecution at this point. This case has been fully litigated. There is no public cause. It's already been determined on appeal. Now they come back and they try to have a case without public cause, which is the real issue here at the very fundamental point when you get down to this, to the Fourth Amendment due process issue. If prosecutors try to present a case, bring a person up for prosecution when he knows, and it's even in here when they talk about that they don't want to know what they're going to bring the charge on, they just want to bring this evidence, and they're going to get directed at anyway. So it's misconduct for a prosecutor to try to force somebody into court when they know there's no public cause. Those are really some strong allegations. I've dealt with these people. I know what they've been doing to us in this case. I know what they've done to the judge in this case. Well, let's clarify the record. Who are these people? The State's Attorney's Office in this case. And who was the State's Attorney in 2015? Let's not disparage the current State's Attorney. Who was the State's Attorney? It's the same current State's Attorney. This case should have not gone forward after it was determined. In 2015 it was? Very briefly. It's the State's Attorney. This case should not have gone forward after it was determined there's no public cause. So if you think there's an ethical breach here, then you have an obligation to go to the ARDC. That's not a reason. I didn't make the allegation, as I did in here, that it's misconduct. That's all I've made. I didn't make any other allegations except that this was misconduct, according to how the statutes read, for misconduct, for due process violations, to go forward and try to prosecute somebody when there's no public cause. If there's no public cause, the Fourth Amendment is absolute in that. There's no question that if you don't have public cause, you can't make an arrest. If you can't make an arrest and that arrest has been determined to not be a valid arrest, how can you then keep this person in the Fourth Amendment of prosecution? You know, I'm not so sure if there's case law to support a proposition that in the Certificate of Impairment that you have to list, you know, it's a whole show. The difficulty under the law becomes the difficult issue here becomes the whole body of the Taylor Doctrine, and you do point that out in your brief. The Taylor Doctrine is the one that the Supreme Court has established, dealing with these interlocutory appeals and whether or not there can be something after there's been an interlocutory appeal. That was part of the argument in the Peterson case, the Drew Peterson case, in one of the early decisions from this court where the Supreme Court then ordered us to hear a case. The whole thing was about the Taylor Doctrine, whether or not the earlier ruling prevented the state from doing something else. And that's the reason I'm asking you questions dealing with what was the extent of the ruling by both the trial judge and the appellate court dealing with the motion to reopen the proofs. The motion to reopen the proofs dealt with evidence that they now want to present. Is that correct? Correct. So they now want to present what they wanted to in the motion to reopen the proofs in the suppression hearing were witnesses they wanted to present and the trial court denied that. Then the whole matter went up to appeal. Correct. We're not sure exactly what the, and I don't have a copy of the appellate court opinion about the extent whether, and even if the court did rule on it, is it encapsulated into the Taylor Doctrine or not? I believe it is. And I know that's your argument. You make that argument in your brief. And that's the argument. I mean, that's an issue before us is whether or not if that matter was ruled on, motion to open up proofs denied, it goes up on appeal, and even whether or not this court addressed that, whether or not the Taylor rule captures that and says now they can't, in essence, do what was denied to them, reopen the proofs to put this other evidence on in a trial. That's what we're talking about. Their motion to reopen proofs dealt with the very witnesses that they want to use now, correct? Correct. And whether or not that was barred, and Taylor can be pretty nuanced, the Taylor Doctrine, of what the Supreme Court has allowed then the state to argue about after the Taylor, if it's encompassed in the Taylor Doctrine. On your point, I think even if they hadn't tried to bring that up, if they hadn't tried to reopen proofs, even then I think the Taylor Doctrine still shuts them down because it says if you could have presented this at the case, it's a probable cause hearing. As a prosecutor, you're going to bring everything you can to that hearing to try to show you've got probable cause. So if they didn't bring it, the Taylor rule says it's too bad. You could have. You're shut down. You don't get to do this again, especially. This isn't a matter of suppressing statements that was discussed earlier, that you're just knocking a statement out or taking some drugs out of a case. This is probable cause for arrest. Once you shut that down, what's left? There has been no other arrest, as you indicated. There's been no other arrest. They're trying to go forward with the same arrest with this officer, and that was my argument when we ended up this business, what case are they prosecuting? Because the one that they had no longer exists just by the fact that there is no probable cause. Due process says it doesn't exist anymore, and therefore there has been no new arrest. What doesn't exist anymore? I'm sorry. What doesn't exist anymore? That original DUI charge does not exist anymore because it says it's given. I would agree if the arrest was quashed, but what doesn't exist is the state can't use evidence gathered by the officer based on the way your motion to suppress was written. They can't even go forward with that charge. That charge is no longer valid anymore. It doesn't exist anymore because it's been handed. There's no motion to dismiss for lack of probable cause that defense counsel filed. I don't know if you were trying to counsel her or not, and the court has not quashed the arrest. So there is suppressed evidence. She didn't consider the merits of the medical evidence because they were not allowed to reopen the proof. So there is medical evidence that has not been suppressed, and there is an arrest that hasn't been quashed by court order. I don't think it has to be quashed because it's been sentenced or there is no probable cause. I agree with your point of view. I can understand that. I do. I don't think the magic words have to happen that it's quashed. Well, it's unfortunate that the order wasn't removed. Thank you. Any other questions? No. Thank you, Your Honor. Please support. Justice Carter, in the opinion in 2017, there was a discussion that the state did file a motion to reopen the proofs. I'm not sure that it was an issue in the case, per se, and wasn't ruled upon. I understand what your question is, Your Honor. Is it the law of the case? It would be the law of the case as it goes to the motion to suppress it. It would not necessarily be the law of the case as it goes to trial. See, the reason I'm asking those things is because that's interrelated, intertwined with the Taylor doctrine. And I'm not trying to get esoteric here, but the Taylor doctrine, we're compelled to follow that. It's a Supreme Court doctrine. It's sort of a unique aspect of the whole concept of interlocutory appeals by the state. And so the Taylor doctrine, in part, stands for the proposition, if there was something that was raised and ruled on whether or not it was an appeal, or if it could have been raised, the state no longer can use that under the Taylor doctrine. It's a prohibition on the state. It's in the same vein as forfeiture. Yeah. So it's the Taylor doctrine, and it can be strictly applied. I mean, there are cases where things are dumped under the Taylor doctrine when it comes up. A lot of times it doesn't come up because nobody sees it. It is sort of a unique body of Supreme Court law in this state. True. And the case is that the principal society of the Taylor rule, and we can sort of address that in our opening brief, but the issue is what does that appearance of Rudolph and Cruz mean for purposes of the tribe? You know, the motion to punish was not, the arrest was not, so does that appearance of Rudolph and Cruz or the denial affect only the motion to suppress and not the trial itself? Because if the motion is suppressed, only goes to what officer is. See, if it's part of the law of the case, and if the state was prohibited from putting that proof on, and then the whole matter went up to appeal, and that ruling stands because there's nothing else disturbing it, then under the Taylor doctrine and the doctrine of law of the case, are you now prohibited from having a trial with these other two witnesses where you did or could have brought up these other things that went up to appeal? You could have sought a ruling. You didn't get any other additional ruling. And so the last ruling that was made that the thing went up to appeal was denying the state's ability to present this other witness. I mean, this gets pretty esoteric because of the Taylor rule and the rule of law of the case. I mean, the law of the case can bind the state. Oh, absolutely. But I think the distinction goes to there's a couple of things. First, the president never requested that the specific evidence of the medical records be suppressed. We're going to have to be suppressed. But when you desire to open up the proofs and to admit certain evidence. Correct. That was denied. And it was mentioned in the appeal, but not specifically ruled on. But then you get into, like I say, the law of the case and also the Taylor doctrine that they apply prior orders per se, right? I mean, that is what it says. But the distinction, again, is the question is, what does that now with the open proofs affect? Does it affect strictly the state's ability to introduce that evidence at the motion of suppression? Or does it prevent them from introducing it at a trial? That's what the issue. I mean, for example, in Williams, when they discuss the Taylor rule, they said because the Taylor rule likewise applies only when the parties and the cause of action remain the same and the applicable order has been entered earlier. The rule's resemblance to res judicata provides further support for treating the Taylor rule as applying to prior orders per se. That is, as applying to all issues that were or could have been raised earlier, not as applying simply to such issues as can be shown to have actually been litigated in the prior proceedings. And so the Taylor rule is only a limitation on the state. That's the only thing the Taylor rule applies to, not defendants, the state. And it's one where the state has been sometimes prevented from doing something because of this very rule, the Taylor doctrine, which is intermixed between the law of the case and the Taylor doctrine. And it's been around for a while. It's never been overruled. And usually when it comes up, in my humble way of looking at it, it comes out of left field when it comes up, you know. That's why I'm saying it's sort of esoteric. So here the cause of action is the same. I mean, when you look at it from the Taylor standpoint, since it only applies to the parties and the cause of action, if that remained the same and the appeal board has been entered earlier, and you've got these orders that were entered earlier. Well, the question is. And it applies. It's one more thing. It applies to things that that are more than just what was actually litigated in the prior proceeding. It's a standard type of. I mean, that's every time they talk about Taylor. They said it's like it's like res judicata. No, it's like force. I mean, they. Right. It's like this or like that. I guess our distinction here is that the. This. What the context of the Taylor rule is that there were facts that were decided by the trial court. He said specifically three days for the two of the criminal code that was terminated by order. He invented for trial or termination, inconsistent with any fact necessary to conviction in the subsequent prosecution. I mean, the. If these charges do not make a particular final attack related to whether it was driving, whether he was impaired, whether he was. It is a matter of. So what effect does that ruling have? Is it a factual determination or is it simply a denial of the state's ability to reopen groups for the purposes of motion suppressed? When the court dismissed the state's case. Also, I mean, I think the dismissal was a suicide. Did counsel argue defense before the rule when the court dismissed the case? Or is this an issue being raised for the first time? It is an issue being raised for the first time. So if counsel defense counsel had simply argued, said to the judge, you know, judge or making a verbal motion or an oral motion, I didn't have time to file a written motion to dismiss based on the Taylor rule. Then there would be a foundation for the judge's ruling. But in this case, the judge's response dismissed the appeal and the judge's authority is limited by statute to dismiss the case. And there is no basis for the judge to dismiss the case. Now, I understand defense counsel says it's a waste of time to call the case because the state can't prove it. But is that the trial judge's fault? No, it's an evaluation of the evidence and whether it's sufficient to prove them guilty. Is there any case law out there that allows the judge to sui sponte dismiss a criminal case? Not that I'm aware of. At least not for the purposes of, contrary to a military statute. Any other questions? Certainly an interesting proceeding case. You both did a nice job. We'll be taking the matter under assessment. I know we're going to be having a spirited debate about the case. And the decision will be rendered without undue delay.